UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| WILLIAM BRIAN FROUST, | ) | |
| Institutional ID No.1617683, | ) | |
| SID No. 2280684, | ) | |
| Previous TDCJ Nos. 400679, 646380, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:10-CV-085-BG |
| WARDEN DAVIS, *et al.*, | ) | ECF |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

**I.     Procedural History**

Plaintiff William Brian Froust filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 on May 27, 2010, complaining of events that occurred during his incarceration at the Formby and Wheeler Units—state operated jails managed by the Texas Department of Criminal Justice ("TDCJ"). On June 23, 2010, the District Court reassigned this case to the undersigned United States Magistrate Judge, and the undersigned scheduled a hearing to be held pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), on September 23, 2010. The court thereafter received a facsimile from TDCJ stating that Plaintiff had been released from the custody of TDCJ. Plaintiff did not appear at the scheduled evidentiary hearing held on September 23, 2010.

There has been no activity in this case since July 27, 2010. As of this date, Plaintiff has not informed the court of his new address.

**II.     Recommendation**

District courts have inherent authority under Rule 41(b) to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33, 82 S.Ct. 1386, 8 L.Ed.2d 734

(1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). The Magistrate Judge recommends that the District Court dismiss Plaintiff's complaint for want of prosecution. The undersigned further recommends that the District Court dismiss Plaintiff's action without prejudice. *See Clofer*, 106 F.3d at 679 (acknowledging that dismissals with prejudice for want of prosecution are reserved for cases involving egregious conduct).

### III.     Right to Object

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:     November 18, 2010.

NANCY M. KOENIG
United States Magistrate Judge